IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOE MUSTARD
3683 Whetstone River Road S
Marion, Ohio 43301

Plaintiff,

v.

TRIMEN, INC.
c/o Maribeth Deavers
Registered Agent
2 Miranova Place
Suite 700
Columbus, Ohio 43215

Defendant.

CASE NO.

JUDGE:

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**(JURY DEMAND ENDORSED HEREIN)**

Plaintiff, Joe Mustard, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**PARTIES**

1. Plaintiff Mustard is a resident of the City of Marion, County of Marion, State of Ohio.

2. Defendant Trimen, Inc. is an Ohio for-profit corporation.

3. Trimen, Inc. does business as Amanda Plumbing, an Ohio registered trade or fictious name.

4. Amanda Plumbing's principal place of business in Ohio is in the City of Delaware, County of Delaware, State of Ohio.

5. Amanda Plumbing was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. § 12101 *et seq.*

**JURISDICTION AND VENUE**

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Mustard is alleging federal law claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA").

7. All material events alleged in this Complaint occurred in Delaware County, Ohio.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Mustard filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02594, against Amanda Plumbing ("Mustard EEOC Charge").

10. On or about February 23, 2021, the EEOC issued and mailed a Dismissal and Notice of Rights regarding the Charges of Discrimination brought by Mustard against Amanda Plumbing, giving Mustard the right to sue within 90 days.

11. The Notice and Dismissal of Rights has been attached hereto as Plaintiff's Exhibit A.

12. Mustard has filed this Complaint within 90 days of receipt of the Dismissal and Notice of Rights.

13. Mustard has properly exhausted his administrative remedies, pursuant to 29 C.F.R. § 1614.407(b).

**FACTS**

14. Mustard is a former employee of Amanda Plumbing.

15. Mustard began working for Amanda Plumbing in 2016.

16. Mustard was terminated by Amanda Plumbing on January 30, 2020.

17. Mustard was working as a technician at the time of his termination.

18. At all times, Mustard was qualified for his position.

19. In or around December 2018, Mustard began suffering from severe migraine headaches ("Medical Condition").

20. Mustard's Medical Condition grew more severe over time.

21. Mustard's Medical Condition was so severe that, on at least two separate occasions, he went to the emergency room while employed by Amanda Plumbing to obtain relief and treatment from its effects.

22. Mustard was under the care of a physician who diagnosed his Medical Condition.

23. Mustard's physician prescribed different medications to Mustard to treat his Medical Condition.

24. Despite taking prescription medication intended to treat his Medical Condition, Mustard continued to suffer from severe migraines at least once per week.

25. In or around June 2019, Mustard informed Amanda Plumbing of his Medical Condition.

26. Mustard informed both Dough Hines and Amanda Hines, principals of Amanda Plumbing, of his Medical Condition.

27. In or around June 2019, Mustard requested of Amanda Plumbing an accommodation for his Medical Condition.

28. In or around June 2019, Mustard requested that Amanda Plumbing accommodate his Medical Condition by permitting him to take a day off work when he was suffering from his Medical Condition.

29. Mustard's Medical Condition constituted a disability.

30. Mustard was disabled.

31. In the alternative, Amanda Plumbing perceived Mustard as having a disability.

32. In or around June 2019, after Mustard had disclosed his Medical Condition and requested an accommodation, Amanda Plumbing began deducting money from Mustard's paychecks.

33. Amanda Plumbing claimed that these deductions were for alleged errors Mustard had made on projects.

34. Amanda Plumbing did not explain how they determined the facts or amounts of the money being deducted from Mustard's paychecks.

35. Amanda Plumbing's actions were taken in response to Mustard's disclosure of his Medical Condition to Amanda Plumbing.

36. Amanda Plumbing's actions were discriminatory.

37. Amanda Plumbing expressed concerns to Mustard that his Medical Condition could affect his work.

38. On January 30, 2020, Amanda Plumbing terminated Mustard's employment.

39. Doug Hines told Mustard that he was being terminated because of his Medical Condition.

40. Doug Hines told Mustard that his Medical Condition prevented him from performing his job.

41. On information and belief, Amanda Plumbing has a progressive disciplinary policy ("Discipline Policy").

42. On information and belief, Amanda Plumbing's Discipline Policy includes coaching, verbal and written warnings, and suspension prior to termination, depending upon the infraction.

43. Termination is the highest level of discipline in the Discipline Policy.

44. Amanda Plumbing knowingly skipped progressive disciplinary steps in terminating Mustard.

45. Amanda Plumbing knowingly terminated Mustard's employment.

46. Amanda Plumbing knowingly took an adverse employment action against Mustard.

47. Amanda Plumbing knowingly took an adverse action against Mustard.

48. Amanda Plumbing intentionally skipped progressive disciplinary steps in terminating Mustard.

49. Amanda Plumbing intentionally terminated Mustard's employment.

50. Amanda Plumbing intentionally took an adverse employment action against Mustard.

51. Amanda Plumbing intentionally took an adverse action against Mustard.

52. Amanda Plumbing knew that skipping progressive disciplinary steps in terminating Mustard would cause him harm, including economic harm.

53. Amanda Plumbing knew that terminating Mustard would cause him harm, including economic harm.

54. Amanda Plumbing willfully skipped progressive disciplinary steps in terminating Mustard.

55. Amanda Plumbing willfully terminated Mustard's employment.

56. Amanda Plumbing willfully took an adverse employment action against Mustard.

57. Amanda Plumbing willfully took an adverse action against Mustard.

58. Mustard was treated differently than similarly situated employees because of his disability.

59. Mustard was treated differently than similarly situated employees because of his perceived disability.

60. Amanda Plumbing's stated reason for terminating Mustard was a pretext for disability discrimination.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATON OF AMERICANS WITH DISABILITY ACT, 42 U.S.C. § 12101 *ET SEQ*.**

61. Mustard restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. Mustard's Medical Condition constituted a physical impairment.

63. Mustard's Medical Condition substantially impaired one or more of his major life activities, including working.

64. In the alternative, Amanda Plumbing perceived Mustard as disabled.

65. In the alternative, Amanda Plumbing perceived Mustard's condition to substantially impair one or more of his major life activities, including working.

66. Amanda Plumbing treated Mustard differently than other similarly situated employees based on his disability.

67. Amanda Plumbing treated Mustard differently than other similarly situated employees based on his perceived disability.

68. Amanda Plumbing violated the Americans with Disabilities Act when it terminated Mustard.

69. As a direct and proximate result of Amanda Plumbing's conduct, Mustard suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT II: FAILURE TO ACCOMODATE UNDER AMERICANS WITH DISABILITY ACT, 42 U.S.C. § 12101 *ET SEQ*.**

70. Mustard informed Amanda Plumbing of his disability.

71. Mustard requested accommodations from Amanda Plumbing to assist with his disability.

72. Mustard's requested accommodations were reasonable.

73. There was an accommodation available that would have been effective and would have not posed an undue hardship to Amanda Plumbing.

74. Amanda Plumbing failed to engage in the interactive process of determining whether Mustard needed an accommodation.

75. Amanda Plumbing failed to provide an accommodation.

76. Amanda Plumbing violated 42 U.S.C. §12101 *et seq*. by failing to provide Mustard a reasonable accommodation.

77. As a direct and proximate result of Amanda Plumbing's conduct, Mustard suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mustard requests judgment against Defendant and for an Order:

(a) Requiring Defendant to restore Mustard to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge Mustard's personnel file of all negative documentation;

(b) Awarding against Defendant compensatory and monetary damages to compensate Mustard for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount to be determined at trial;

(c) Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Mustard in an amount to be determined at trial;

(d) Awarding pre-judgment and post-judgment interest as provided by law;

(e) Awarding reasonable attorneys' fees and non-taxable costs for Mustard's claims as allowable under law;

(f) Awarding the taxable costs of this action; and,

(g) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

*/s/ Sean Costello*
Trisha Breedlove (0095852)
Sean Costello (0068612)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
sean.costello@spitzlawfirm.com

*Attorneys for Plaintiff Joe Mustard*

-

**JURY DEMAND**

Plaintiff Joe Mustard demands a trial by jury by the maximum number of jurors permitted.

*/s/ Sean Costello*

Sean Costello (0068612)
**THE SPITZ LAW FIRM, LLC**